**FILED**

JUN - 5 2008

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **JOSEPH WASHINGTON** *et al.*, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | Civil Action No. **08 0966** |
| v. | ) | |
| | ) | |
| **ROUNTREE, KNOX, HUNTER & PARKER,** | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM OPINION

Before the Court is the *pro se* complaint and an application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* as to plaintiff Joseph Washington and will dismiss the complaint without prejudice.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The Complaint fails to meet the requirements of Rule 8(a). The complaint does not make clear whether the plaintiff is an individual, Joseph Washington, or an entity, Washington Group Associates, or whether both are plaintiffs. (Compl. at 1.) The application to proceed *in forma pauperis* perpetuates this confusion. The caption identifies Washington Group Associates as the

plaintiff, but the body of the application seeks *in forma pauperis* status for the individual Joseph Washington. This confusion must be clarified before this case can proceed because only individuals, not corporations or other legal entities, may proceed *pro se* and *in forma pauperis*. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (stating that only a person, not an entity, may proceed *pro se*); *Lennon v. McClory*, 3 F. Supp. 2d 1461, 1462 n.1 (D.D.C. 1998) (stating that a corporation cannot appear *pro se*).

The confusion in the complaint does not end there, however. The complaint does not make clear whether the defendant is an entity or a collection of four individuals. (Compl. at 1.) The relief demanded, which refers to the "Estate of Joseph F. Washington" (*id.*), states that "[t]he estate is seeking cure for commercial damages under fair and just standards, ratified under the Free Enterprise Act" (*id.* at 2.). The complaint does not identify any relief the individual plaintiff, assuming there is an individual plaintiff, seeks. The complaint is signed by "Joseph Washington, Esquire," raising a question as to whether he is signing the complaint as a legal representative of the estate. Finally, the complaint does not set forth a short and plain statement regarding this Court's jurisdiction over this matter.

In sum, the Court is unable determine the nature of the claim being made or who is making the claim against whom. Accordingly, the Court will dismiss the complaint without prejudice. An appropriate order accompanies this memorandum opinion.

Date: 5/9/08

United States District Judge